# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BILLY BAILEY (# 115281)**                                                                               **PLAINTIFF**

**v.**                             **No. 4:07CV116-P-A**

**CHRISTOPHER EPPS, ET AL.**            **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Billy Bailey (# 115281), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On March 1, 2007, defendant John Farmer ordered the plaintiff to produce a urine sample for analysis. The plaintiff could not produce a sample right away, so he drank some water while Farmer collected samples from other inmates. When Farmer returned, the plaintiff had already urinated in the sample cup – but out of Farmer's presence. Farmer told the plaintiff that prison regulations require the plaintiff to urinate in the sample cup in the presence of the prison official collecting samples. Farmer then poured out the first sample and told the plaintiff to give another sample. The plaintiff could not urinate at that time; nor could he do so after about five more minutes. Farmer then issued the plaintiff a Rule Violation Report (# 394436) for refusing to provide a urine sample for testing. According to the Rule Violation Report, the total time elapsed from the first request for a sample and the decision to charge the plaintiff with a rule

violation was thirty minutes. Mississippi Department of Corrections policy is to take inmates who cannot readily produce a urine sample to a secure place – and allows four hours for inmates to provide such a sample. The disciplinary committee, however, found the plaintiff guilty of the rule violation. As punishment the disciplinary committee chair recommended reclassification "if warranted." It appears that the plaintiff was reclassified to a more restrictive custody status. The plaintiff seeks monetary relief and expunction of the rule violation from his prison record. The plaintiff argues that the rule violation in his prison file restricts him from benefits and opportunities that would otherwise be available to him, damages his character, and causes undue stress on him and his family.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected

liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the plaintiff was found guilty of the rule violation, but he was not punished directly. Instead, the guilty finding was added to his prison record, and his punishment was "Reclass. if warranted"[1] under the Objective Classification System. The rule violation indeed caused the plaintiff to be reclassified, and he was placed in a more restrictive environment. This punishment fell "within the expected parameters of the sentence imposed by a court of law" *Sandin,* 115 S. Ct. at 2301. As such, it "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Thus, the instant case must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of September, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The court attaches the disciplinary packet, which it requested and received from the Mississippi Department of Corrections in this case.